### ESTERLY etc v GOODMAN

Ohio Appeals, 7th Dist, Mahoning Co

Decided October 12, 1928

W. H. Woolf & George Edwards, both of Youngstown, for Esterly.
Ewing & Ewing, Youngstown, for Goodman.

**POLLOCK, J.**

The facts, in substance, alleged that plaintiff had been trespassing before this time upon the defendant's premises and committing vandalism and destruction of his property; that he had been warned to leave and desist and in place of doing so plaintiff threatened further vandalism and destruction of the property.

A person has a right to protect his property from a trespasser and to use such force as is reasonably necessary to do so, after first having warned or notified the trespasser to desist.

2 R. C. L., 555, Sec. 35.

The same principle is announced in 5 C. J., 631, Sec. 25. Under the principle above referred to the defendant had a right to protect his property from the plaintiff if he was committing the acts alleged in the answer, and could not be held to respond in damages unless in protecting his property he used excessive force or more force than is reasonably necessary for the protection of his property and to cause the trespasser to desist and cease trespassing.

So that under the allegations of the answer it was necessary in order that the plaintiff might recover, not only to prove the assault and injury, but it was necessary for him to prove that in preventing him from committing vandalism and destruction of defendant's property, that defendant used more force than was reasonably necessary for that purpose.

5 C. J., 663, Sec. 101.

And further, this question is a question to be determined by the jury.

2 R. C. L. 556, Sec. 35.

We think it is clear that under the pleadings the court could not as a matter of law enter judgment in favor of the plaintiff, and the judgment of the court below is affirmed.

Farr and Roberts, JJ., concur.